of plaintiff upon a verdict, exceptions having been ordered to be heard at first instance at General Term.

*M. H. Peck* for appellant.

*Frederick W. Noyes* for respondent.

Agree to affirm; no opinion.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.

---

ISAAC HAMPTON, Appellant, *v.* MARTIN S. HAMSHER, Respondent.

Certain town assessors, not knowing of the repeal, by the act of 1872 (Chap. 355, Laws of 1872), of the provision of the Revised Statutes (1 R. S. 389, § 4, as amended by chap. 287, Laws of 1871) directing that a farm or lot lying in two towns or wards shall, if occupied, be assessed in the town or lot where the occupant resides, assessed a farm owned and occupied by plaintiff as so prescribed, and the commissioner of highways of the town, in making his assessment for highway labor, assessed plaintiff for highway labor on his whole farm in compliance with the provision of the statute (1 R. S. 506, § 24) requiring him to make his apportionment upon real estate "as the same shall appear upon the last assessment-roll of the town." Plaintiff worked out the tax at the demand of the overseer of the highways, but protested against its legality. *Held*, that an action was not maintainable against the commissioner to recover the value of the labor so rendered by plaintiff; as that officer had jurisdiction to assess plaintiff and simply obeyed the command of a valid statute.

Reported below, 46 Hun, 144.

(Argued December 2, 1890; decided January 22, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 24, 1887, which reversed a judgment of the County Court of Livingston county, and affirmed a judgment of a justice of the peace.

This action was brought against defendant, who, as commissioner of highways, had apportioned highway labor upon the whole of the plaintiff's farm, only a portion of which lay in the town, to recover the value of the labor which plaintiff had performed under protest.

The following is the opinion in full:

"Section 4 of. title 2 of chapter 13 of part 1 of the Revised Statutes was amended by chapter 287 of the Laws of 1871 so that it read as follows: '§ 4. When the line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied, in the town or ward where the occupant resides; except when such town lines shall also be a county line, in which case each part shall be assessed in the town in which the same shall be situated, in the same manner as unoccupied lands are now assessed.' This section was repealed by chapter 355 of the Laws of 1872, and from that time there was no statute on this subject until 1886, when the section was re-enacted: '§ 4. When the line between two towns, wards or counties divides a farm or lot, the same shall be taxed, if occupied, in the town, ward or county where the occupant resides; if unoccupied, each part shall be assessed in the town, ward, village or county where the same shall lie.' (Chap. 315, Laws of 1886.)

"In 1884 and 1885, the plaintiff was a resident of the town of Ossian, and owned and occupied a farm, one half of which was in that town and the other half in the town of Nunda.

"In 1884, the assessors of the town of Ossian, not knowing of the repeal of section 4 by chapter 355 of the Laws of 1872, assessed the whole of the plaintiff's farm in that town for town, county and state taxes.

"Section 19 of title 1, chapter 16 of part 1 of the Revised Statutes provides: '§ 19. Every person owning or occupying land in the town in which he or she resides, and every male inhabitant above the age of 21 years, residing in the town when the assessment is made, shall be assessed to work on the public highways of the town, and the lands of non-residents situated in such town shall be assessed for highway labor as hereinafter directed.' Section 24 of the same chapter provides: '§ 24. In making such estimate and assessment, the commissioner shall proceed as follows: 1. The whole number of days' work to be assessed in each year shall be ascertained, and shall be at least three times the number of taxable inhabitants in such town. 2. Every male inhabitant above the age of twenty-one years (with certain exceptions) shall be assessed

at least one day. 3. The residue of such days' work shall be apportioned upon the estate, real and personal, of every inhabitant of such town, as the same shall appear upon the last assessment-roll of said town, and upon each tract or parcel of land, of which the owners are non-residents, contained in the lists made as aforesaid.'

"In 1885, the defendant was the sole commissioner of highways of Ossian, and he assessed the plaintiff for highway labor on his whole farm — three and one-half days being the proportion of that part situated in Nunda — and delivered the list to the overseer of the proper road district. This tax the plaintiff worked out at the demand of the overseer, but protested against its legality. It is agreed that the commissioner made the assessment, believing that he was bound to follow the town assessment-roll of the previous year, and also that he had jurisdiction to assess the plaintiff for highway labor, but it is asserted that the commissioner erred in apportioning any day's labor on account of that part of the farm situated in Nunda. The defendant having jurisdiction to assess the plaintiff and having apportioned the number of days' labor to be rendered according to the valuation of his estate as it appeared on the last preceding assessment-roll, as commanded by the 24th section of the statute, he is not liable to the plaintiff for the value of the labor rendered by him in satisfaction of the assessment. (*People ex rel* v. *Pierce*, 31 Barb. 138; *Trustees of the Village of Angelica* v. *Morse*, 56 id. 380.) The cause of the alleged erroneous assessment was the mistake of the assessors of the town, but the commissioner having obeyed the command of a valid statute, is not liable to this plaintiff in damages for the error of the assessors.

"The judgment should be affirmed, with costs."

*J. B. Adams* for appellant.

*Charles J. Bissell* for respondent.

*Per Curiam* opinion for affirmance.

All concur, BROWN, J., in result, except BRADLEY and HAIGHT, JJ., not sitting.

Judgment affirmed.